## Weekly Abstract of PENDING CASES

### No. 523

### MIDLAND CREOSOTING CO. v. GEN. AM. TANK CAR CO.

No. 19116. Supreme Court
On motion to certify. Dock. May 5, 1925; 3 Abs. 297.

335. DAMAGES — When an action is brought on the contract as though goods were in possession of the party sued, can the party suing show damages?

This original case was brought in the Lucas Common Pleas by General American Tank Car Co. against the Midland Creosoting Co. It was based upon a written contract entered into Sept. 20, 1920 in which it was agreed that the Tank Car Co. was to rent the Creosoting Co. four tank cars, as were needed by it. In May 1922 the four cars were returned to the Tank Car Co. and the suit was instituted, because in the contract it was also agreed that the Creosoting Co. retain the cars until Oct. 31, 1923. The Tank Car Co. endeavored to recover compensation under the contract for a period of time before the cars were returned and for some time after the return of the cars.

It was claimed by the Midland Co. that it had a right to terminate the contract and when the cars were returned the Tank Car Co. accepted same. The reply of the Tank Car Co. did not admit that the cars had been returned, but denied each and every allegation contained in the answer, except those expressly admitted, thereby denying that the cars had been returned. On trial, testimony of the Tank Car Co. was admitted which tended to show that it had tried to re-rent the cars immediately and had re-rented three of them. This testimony was objected to by the Midland Creosoting Co. on the ground that the Tank Car Co. had not sued for damages, but had brought its suit as if the Creosoting Co. was in possession of the cars up to the time of bringing the suit. The trial judge overruled the objection and at the conclusion of the evidence sustained a motion of the Tank Car Co. to direct a verdict in its favor.

Error was prosecuted and the Lucas Court of Appeals in affirming the judgment of the Common Pleas, said: "As we construe the contract, it was for a definite period of time fixed by the terms thereof, and the defendants had no right to return the cars until the term fixed by the contract had expired, and in doing so such defendants broke their contract."

The case is taken to the Supreme Court and it is contended that the Court of Appeals erred in not following the rule announced in James v. Allen County, 44 OS. 226, which is as follows: Where an employe, engaged under a contract for specified time, the wages being payable in installments, is wrongfully discharged before the expiration of the period of hire, and all the wages actually earned at the time of the discharge have been paid, an action will not lie to recover future installments, as though actually earned, the remedy is by action for damages arising from the breach of the contract, and one recovery upon such a claim is a bar to a future action.

Attorneys—Ralph Emery, Toledo, for Creosoting Co; Tyler, McMahon & Smith, Toledo, and Stein, Mayer & David, Chicago, for Tank Car Co.